**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92660
Tel: 949-312-1377
Fax: 949-288-2054
ben@nexusbk.com

Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re; <br><br> JARED HUNTER SCARTH, and <br><br> VICTORIA CAROL SCARTH, <br><br> Debtors. | Case No: 6:18-bk-13248-WJ <br><br> Chapter 7 <br><br> **DEBTORS' MOTION FOR ORDER REOPENING CLOSED CASE TO FILE A MOTION TO AVOID A JUDICIAL LIEN UNDER 11 U.S.C. §522(f); AMEND SCHEDULES TO DISCLOSE ASSETS** <br><br> [No hearing date required] |

TO THE UNITED STATES TRUSTEE, THE CHAPTER 7 TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

Debtors, Jared Hunter Scarth and Victoria Carol Scarth, hereby move this Court for an order, without a hearing, reopening this case so that they may file a motion to avoid lien on their real property and to amend their schedules to list claims that were previously unknown to Debtors during the time in which this case had been pending previously.

Pursuant to Local Bankruptcy Rules 5010-1(e) and 9013-1(q)(11), this motion may be granted without a hearing and without additional notice.

1

## STATEMENT OF FACTS

1. Debtors commenced this voluntary Chapter 7 case on November 30, 2018 and was granted a discharge on March 11, 2019.

2. At the time of filing of the petition, there existed a judicial lien, held by Murrieta Springs Retail Group, LLC, which encumbered the Debtors' residence. Debtors were not aware that the creditor had recorded an abstract of judgment two months prior to the case being filed.

3. Debtor, Jared Hunter Scarth, was the former president of Lincoln James Investment Properties, which filed a Chapter 11 bankruptcy on August 30, 2017. The debtor-in-possession was represented by Todd Turoci. On the same day that the Chapter 11 case was filed, a deed of trust was recorded against the Debtors' residence with Western Star Financial as the beneficiary. Western Star Financial is a company owned by Todd Turoci. Shortly after the Chapter 11 case was filed, another lien was recorded against the residence in benefit of Prominence Capital Partners, a company owned by Todd Turoci's brother, Christopher Turoci. It was not until long after this case was closed that Debtors became aware that there were potential claims against Western Star Financial, Todd Turoci, Prominence Capital Partners, and Christopher Turoci.

4. Debtors were not aware of the abstract of judgment or the potential claims and, therefore, did not move to avoid the lien or amend their schedules to list the claims. They now request that their case be reopened so that they may do so.

## MEMORANDUM OF POINTS AND AUTHORITIES

11 U.S.C §350 provides as follows:

*"(a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.*

*(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."*

See also In re Dodge, 138 B.R. 602 (Bkrtcy.E.D. Cal. 1992).

Section 522(f) of the Bankruptcy Code gives the Debtors the ability to avoid the judicial lien to the extent that it impairs their exemption. However, in order for the Debtors to avail themselves of the benefits of this section, it is necessary for their case to be reopened so that they may file such a motion. Relief will be accorded to the Debtor if and when they are able to avoid the judicial lien which encumbers their home.

A Bankruptcy Court's authority to reopen a closed case to afford debtors the opportunity to avoid liens pursuant to Bankruptcy Code §522(f) has been recognized by the Courts of the Ninth Circuit. The Court held in In re Yazzie, 24 B.R. 576, 577 (9th Cir. 1982) that, *"In the absence of prejudice to creditors, ... neither the entry of discharge nor the closing of the case are time bars to lien avoidance actions under 11 U.S.C. 522(f)(2)."* In In re Ricks, 89 B.R. 73, 75 (9th Cir. BAP 1988), the Court concluded that the key factor in allowing the late avoidance of a lien pursuant to §522(f) is whether the creditor is sufficiently prejudiced so that it would be inequitable to allow avoidance of the lien. Quoting In re Quackenbros, 71 B.R. 693,695 (Bankr. E.D. Pa 1987), the Ricks court stated the rationale for its conclusion that:

*"(1) the absence of any deadline in the Code or the Bankruptcy Rules for initiating a lien avoidance proceeding under §522(f), especially when contrasted with 11 U.S.C. §546(d); (2) the text of 11 U.S.C.§350 which states that a case may be reopened to accord relief to the debtor; (3) legislative history which refers to reopening cases for lien avoidance, subject to the bar of laches; (4) the fresh start policy of the Code which encourages the full application of the Code's exemption*

*provisions; and (5) the interpretation of the right to avoid liens under § 522(f) as a 'personal' right of the debtor which exists independent of case administration."*

The Ninth Circuit Court of Appeals followed this rationale in <u>In re Chabot</u>, 992 F.2d 891, 893 (9th Cir. 1993) where it held that the debtor's delay in bringing a lien avoidance action is not sufficient to cause prejudice to the creditor.

Additionally, it was not known until long after this case closed that Debtors learned that they have potential claims against Western Star Financial, Todd Turoci, Prominence Capital Partners, and Christopher Turoci. As a result, these claims became property of the estate, but did not revert back to the Debtors once the case was closed. Debtors intend to amend their schedules to disclose these causes of action.

Wherefore, it is respectfully submitted that the Debtors' Chapter 7 case should be reopened in order for the Debtors to file a motion to avoid the judicial lien encumbering their residence and to disclose the unlisted claims.

Date: January 23, 2024

NEXUS BANKRUPTCY

Benjamin Heston,
Attorney for Debtors

4

# DECLARATION OF VICTORIA CAROL SCARTH

I, Victoria Carol Scarth, declare as follows:

1. I am one of the Debtors in the above-referenced bankruptcy proceeding. I have personal knowledge of all matters stated herein and if called to testify I could competently testify thereto.

2. My spouse and I commenced this proceeding with the filing of a voluntary Chapter 7 petition on April 18, 2018.

3. We were granted a discharge on July 30, 2018 and our case was closed on November 18, 2020.

4. At the time of filing my bankruptcy case, there was an abstract of judgment for a debt owed to Murrieta Springs Retail Group that was recorded with the Riverside County Recorder and attached to my residence. I was not aware that this abstract of judgment was recorded until after our case closed.

5. My husband was the president of Lincoln James Investment Properties, a company that filed a Chapter 11 bankruptcy on August 30, 2017. The company was represented by Todd Turoci. On the same day that the Chapter 11 case was filed, a deed of trust was recorded against our residence with Western Star Financial as the beneficiary. Western Star Financial is a company owned by Todd Turoci. Shortly after the Chapter 11 case was filed, another deed of trust was recorded against our residence in benefit of Prominence Capital Partners, a company owned by Todd Turoci's brother, Christopher Turoci. It was not until long after this case was closed that we became aware that there were potential claims against Western Star Financial, Todd Turoci, Prominence Capital Partners, and Christopher Turoci.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: December 15, 2023

_____
VICTORIA CAROL SCARTH

NEXUS BANKRUPTCY
3090 Bristol Street, Suite 400
Costa Mesa, CA 92626
Tel: 949-312-1377
Fax: 949-288-2054

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**3090 Bristol Street #400
Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTORS' MOTION FOR ORDER REOPENING CLOSED CASE TO FILE A MOTION TO AVOID A JUDICIAL LIEN UNDER 11 U.S.C. §522(F); AMEND SCHEDULES TO DISCLOSE ASSETS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>1/23/2024</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) <u>1/23/2024</u> I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Wayne E. Johnson
3420 Twelfth Street
Suite 384 / Courtroom 304
Riverside, CA 92501-3819

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/23/2024 | **Benjamin Heston** | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

Carol Baxter     enforcement@alaskausa.org
Nancy L Lee     bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com
Sabari Mukherjee     notices@becket-lee.com
Joseph M Pleasant     jpleasant@reeselawgroup.com, jguerin@reeselawgroup.com
Yvonne Ramirez-Browning     yvonne@browninglawgroup.com, ruth@browninglawgroup.com
Josephine E Salmon     ecfcacb@aldridgepite.com, JES@ecf.inforuptcy.com;jsalmon@aldridgepite.com
Gary S Saunders     gary@saundersapc.com, gary@saunderslawoffice.com;trang@saunderslawoffice.com;marvin@saunderslawoffice.com;deanna@saunderslawoffice.com;r50512@notify.bestcase.com
Valerie Smith     claims@recoverycorp.com
United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov
Robert Whitmore (TR)     rswtrustee@yahoo.com, rwhitmore@ecf.axosfs.com
Gilbert R Yabes     ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com