1
2
3
4
5
6

**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92660
Tel: 949-312-1377
Fax: 949-288-2054
ben@nexusbk.com

Attorney for Debtors

**NEXUS BANKRUPTCY**
3090 Bristol Street, Suite 400
Costa Mesa, CA 92626
Tel: 949-312-1377
Fax: 949-288-2054

7
8
9

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

10

In re;

11

JARED HUNTER SCARTH, and

12

VICTORIA CAROL SCARTH,

13

Debtors.

14
15
16

Case No: 6:18-bk-13248

Chapter 7

**DEBTORS' MOTION FOR ORDER REOPENING CLOSED CASE TO FILE A MOTION TO AVOID A JUDICIAL LIEN UNDER 11 U.S.C. §522(f)**

[No hearing date required]

17

     TO THE UNITED STATES TRUSTEE, THE CHAPTER 7 TRUSTEE, AND ALL

18

OTHER INTERESTED PARTIES:

19

     Debtors, Jared Hunter Scarth and Victoria Carol Scarth, hereby move this Court for an

20

order, without a hearing, reopening this case so that they may file a motion to avoid lien on their

21

real property that was previously unknown to Debtors during the time in which this case had been

22

pending previously.

23
24

     Pursuant to Local Bankruptcy Rules 5010-1(e) and 9013-1(q)(11), this motion may be

25

granted without a hearing and without additional notice.

26
27
28

1

**NEXUS BANKRUPTCY**
3090 Bristol Street, Suite 400
Costa Mesa, CA 92626
Tel: 949-312-1377
Fax: 949-288-2054

### STATEMENT OF FACTS

1.  Debtors commenced this voluntary Chapter 7 case on November 30, 2018 and was granted a discharge on March 11, 2019.

2.  At the time of filing of the petition, there existed a judicial lien, held by Murrieta Springs Retail Group, LLC, which encumbered the Debtors' residence. Debtors were not aware that the creditor had recorded an abstract of judgment two months prior to the case being filed.

3.  Since the Debtors were not aware of the judgment lien, they did not move to avoid it, and are now seeking that their case be reopen in order for them to file a motion to avoid the lien.

### MEMORANDUM OF POINTS AND AUTHORITIES

11 U.S.C §350 provides as follows:

*"(a) After an estate is fully administered and the court has discharged the trustee,*

*the court shall close the case.*

*(b) A case may be reopened in the court in which such case was closed to administer*

*assets, to accord relief to the debtor, or for other cause."*

See also In re Dodge, 138 B.R. 602 (Bkrtcy.E.D. Cal. 1992).

Section 522(f) of the Bankruptcy Code gives the Debtors the ability to avoid the judicial lien to the extent that it impairs their exemption. However, in order for the Debtors to avail themselves of the benefits of this section, it is necessary for their case to be reopened so that they may file such a motion. Relief will be accorded to the Debtor if and when they are able to avoid the judicial lien which encumbers their home.

A Bankruptcy Court's authority to reopen a closed case to afford debtors the opportunity to avoid liens pursuant to Bankruptcy Code §522(f) has been recognized by the Courts of the Ninth Circuit. The Court held in In re Yazzie, 24 B.R. 576, 577 (9th Cir. 1982) that, "*In the absence of*

*prejudice to creditors, ... neither the entry of discharge nor the closing of the case are time bars to lien avoidance actions under 11 U.S.C. 522(f)(2).*" In <u>In re Ricks</u>, 89 B.R. 73, 75 (9th Cir. BAP 1988), the Court concluded that the key factor in allowing the late avoidance of a lien pursuant to §522(f) is whether the creditor is sufficiently prejudiced so that it would be inequitable to allow avoidance of the lien. Quoting <u>In re Quackenbros</u>, 71 B.R. 693,695 (Bankr. E.D. Pa 1987), the <u>Ricks</u> court stated the rationale for its conclusion that:

> "*(1) the absence of any deadline in the Code or the Bankruptcy Rules for initiating a lien avoidance proceeding under §522(f), especially when contrasted with 11 U.S.C. §546(d); (2) the text of 11 U.S.C.§350 which states that a case may be reopened to accord relief to the debtor; (3) legislative history which refers to reopening cases for lien avoidance, subject to the bar of laches; (4) the fresh start policy of the Code which encourages the full application of the Code's exemption provisions; and (5) the interpretation of the right to avoid liens under § 522(f) as a 'personal' right of the debtor which exists independent of case administration.*"

The Ninth Circuit Court of Appeals followed this rationale in <u>In re Chabot</u>, 992 F.2d 891, 893 (9th Cir. 1993) where it held that the debtor's delay in bringing a lien avoidance action is not sufficient to cause prejudice to the creditor.

Wherefore, it is respectfully submitted that the Debtors' Chapter 7 case should be reopened in order for the Debtors to file a motion to avoid the judicial lien encumbering their residence.

NEXUS BANKRUPTCY

Date: March 5, 2025

BENJAMIN HESTON,
Attorney for Debtors

NEXUS BANKRUPTCY
3090 Bristol Street, Suite 400
Costa Mesa, CA 92626
Tel: 949-312-1377
Fax: 949-288-2054

**NEXUS BANKRUPTCY**
3090 Bristol Street, Suite 400
Costa Mesa, CA 92626
Tel: 949-312-1377
Fax: 949-288-2054

### DECLARATION OF VICTORIA CAROL SCARTH

I, Victoria Carol Scarth, declare as follows:

1.  I am one of the Debtors in the above-referenced bankruptcy proceeding. I have personal knowledge of all matters stated herein and if called to testify I could competently testify thereto.

2.  My spouse and I commenced this proceeding with the filing of a voluntary Chapter 7 petition on April 18, 2018.

3.  We were granted a discharge on July 30, 2018 and our case was closed on November 18, 2020.

4.  At the time of filing my bankruptcy case, there was an abstract of judgment for a debt owed to Murrieta Springs Retail Group that was recorded with the Riverside County Recorder and attached to my residence. I was not aware that this abstract of judgment was recorded until after our case closed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: February 25, 2025

_____
VICTORIA CAROL SCARTH

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400**
**Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTORS' MOTION FOR ORDER REOPENING CLOSED CASE TO FILE A MOTION TO AVOID A JUDICIAL LIEN UNDER 11 U.S.C. §522(f)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **3/5/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **_____** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/5/2025 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

Carol Baxter     enforcement@alaskausa.org

Benjamin Heston     bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net

Nancy L Lee     bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com

Sabari Mukherjee     notices@becket-lee.com

Joseph M Pleasant     jpleasant@reeselawgroup.com, jguerin@reeselawgroup.com

Yvonne Ramirez-Browning     yvonne@browninglawgroup.com, veronica@browninglawgroup.com

Josephine E Salmon     ecfcacb@aldridgepite.com, JES@ecf.inforuptcy.com;jsalmon@aldridgepite.com

Gary S Saunders     gary@saundersapc.com,
gary@saunderslawoffice.com;trang@saunderslawoffice.com;marvin@saunderslawoffice.com;deanna@saunderslawoffice.com;r50512@notify.bestcase.com

Valerie Smith     claims@recoverycorp.com

Todd L Turoci     mail@theturocifirm.com, Turoci.ToddR83725@notify.bestcase.com

United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov

Robert Whitmore (TR)     rswtrustee@yahoo.com, rwhitmore@ecf.axosfs.com

Gilbert R Yabes     ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com