**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
ben@nexusbk.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>JARED HUNTER SCARTH, and<br><br>VICTORIA CAROL SCARTH,<br><br>Debtors. | Case No.: 6:18-bk-13248-SY<br><br>Chapter 7<br><br>**STIPULATION REGARDING DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C. §522(f) (REAL PROPERTY)** |

    Debtors, Jared Hunter Scarth and Victoria Carol Scarth ("Debtors"), and creditor, Murrieta Springs Retail Group, LLC ("Creditor"), by and through their undersigned counsel, hereby stipulate and agree as follows:

1. On September 10, 2025, Debtors filed their Motion to Avoid Judicial Lien of Murrieta Springs Retail Group, LLC under 11 U.S.C. § 522(f) (the "Motion") [Dkt. 114].

2. The lien at issue is that certain abstract of judgment recorded on February 26, 2018, in the Official Records of Riverside County, California, as Instrument No. 2018-0071023, arising from Murrieta Springs Retail Group, LLC v. Jared Scarth, et al., Riverside County Superior Court Case No. MCC1600881.

3. The Property subject to the lien is the Debtors' residence located at 31222 Mangrove Drive, Temecula, California 92592 (the "Property").

4. Creditor, having reviewed the Motion, stipulates and agrees that the fixing of its judicial lien impairs Debtors' homestead exemption under California Code of Civil Procedure §704.730, and that the Motion should be granted.

5. Accordingly, the parties stipulate that the Court may enter an order granting the Motion without further notice or hearing, in the form of the mandatory court order attached hereto as Exhibit A, or a substantially similar version thereof.

**IT IS SO STIPULATED.**

Date: October 6, 2025

NEXUS BANKRUPTCY

BENJAMIN HESTON,
Attorney for Debtors

Date: October 6, 2025

GREENMAN, LACY, KLEIN, HINDS, WEISER

AMBER S. CROTHALL,
Attorney for Creditor,
Murrieta Springs Retail Group, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# EXHIBIT A

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address<br><br>**NEXUS BANKRUPTCY**<br>**Benjamin Heston (297798)**<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Tel: 949.312.1377<br>Fax: 949.288.2054<br>*ben@nexusbk.com*<br><br>☐ *Debtor appearing without attorney*<br>☒ *Attorney for:* Debtors | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – <u>RIVERSIDE</u> DIVISION**

| In re:<br><br>JARED HUNTER SCARTH, and<br><br>VICTORIA CAROL SCARTH,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NUMBER: **6:18-bk-13248-SY**<br>CHAPTER: **7**<br><br>**ORDER ☒ GRANTING ☐ DENYING DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C.§ 522(f) (REAL PROPERTY)**<br><br>☒ No hearing held<br>☐ Hearing held<br>DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |
|---|---|

**Creditor Holding Lien to be Avoided** (*name*)*:* **MURRIETA SPRINGS RETAIL GROUP, LLC**

The Motion was:   ☐ Opposed   ☒ Unopposed   ☒ Settled by stipulation

Pursuant to 11 U.S.C. § 522(f), Debtor moved to avoid a judicial lien on real property claimed to be exempt. The court finds and orders as follows:

1. ☐ Notice of this Motion complied with LBR 9013-1(d).
2. ☒ Notice of this Motion complied with LBR 9013-1(o).
   a. ☒ There was no opposition and request for hearing.
   b. ☐ Hearing requested and held as indicated in the caption.
3. ☒ Motion granted as set forth in the **Attachment** to this order.

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*    Page 1    **F 4003-2.1.AVOID.LIEN.RP.ORDER**

4. ☐ Motion denied on the following grounds:    ☐ with prejudice    ☐ without prejudice

    a. ☐ Insufficient notice
    b. ☐ Insufficient evidence of the exempt status of the property in question
    c. ☐ Failure to comply with FRBP 7004(b)(3) or FRBP 7004(h).
    d. ☐ Insufficient evidence of fair market value.
    e. ☐ Motion is incomplete.
    f. ☐ Other (*specify*):

5. ☐ The court further orders as follows (*specify*):

    ☐ See attached page

###

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*  Page 2  **F 4003-2.1.AVOID.LIEN.RP.ORDER**

**ATTACHMENT TO MOTION/ORDER**
**(11 U.S.C. § 522(f): AVOIDANCE OF REAL PROPERTY JUDICIAL LIENS)**

This court makes the following findings of fact and conclusions of law:

1. **Creditor Lienholder/Servicer: MURRIETA SPRINGS RETAIL GROUP, LLC**

2. **Subject Lien:** Date and place of recordation of lien (specify): **2/26/2018, Official Records of Riverside County**
   Recorders instrument number or document recording number: **2018-0071023**

3. **Collateral:** Street address, legal description and/or map/book/page number, including county of recording:

   Street address: **31222 Mangrove Drive, Temecula, CA 92592**

   Legal description: **.10 Acres M/l In Lot 56 Mb 421/028 Tr 31946**

4. **Secured Claim Amount**
   a. Value of Collateral: …………………………………………………………………… **$450,000**
   b. Amounts of Senior Liens (reducing equity in the property to which the Subject Lien can attach):
      (1) First lien: …………………………………………….… (**$288,699**)
      (2) Second lien: ………………………………………….… (**$75,167**)
      (3) Third lien: …………………………………………….… (**$23,137**)
      (4) Fourth lien: …………………………………………….… (**$18,909**)
      (5) Fifth lien: …………………………………………….… (**$1,011**)
   c. Amount of Debtor's exemption(s): …………………………… (**$100,000**)
   d. Subtotal: ……………………………………………………………………………. (**$506,923**)
   e. Secured Claim Amount (negative results should be listed as -$0-):    (**-$0-**)

   Unless otherwise ordered, any allowed claim in excess of this Secured Claim Amount is to be treated as a nonpriority unsecured claim and is to be paid *pro rata* with all other nonpriority unsecured claims (in Chapter 13 cases, Class 5A of the Plan).

5. **Lien avoidance:** Debtor's request to avoid the Subject Lien is granted as follows. The fixing of the Subject Lien impairs an exemption to which Debtor would otherwise be entitled under 11 U.S.C. § 522(b). The Subject Lien is not a judicial lien that secures a debt of a kind that is specified in 11 U.S.C. § 523(a)(5) (domestic support obligations). The Subject Lien is void and unenforceable except to the extent of the Secured Claim Amount, if any, listed in paragraph 4.e. above.

☐ See attached page(s) for more liens/provisions.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                                     Page 3                                     **F 4003-2.1.AVOID.LIEN.RP.ORDER**